NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK ROSENBLUM,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>U.S. BANK, N.A., as Trustee, Successor in Interest to Wachovia Bank, N.A., for MALT 2004-1; JPMORGAN CHASE BANK, N.A., as successor-in-interest to Washington Mutual Bank,<br><br>        Defendants-Appellees. | No.   19-16259<br><br>D.C. No. 3:18-cv-06725-WHO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted September 14, 2020[**]
San Francisco, California

Before:  BADE and BUMATAY, Circuit Judges, and MÁRQUEZ,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

Appellant Frank Rosenblum appeals from the dismissal of his Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order dismissing a complaint under Rule 12(b)(6), *Manzarek v. St. Paul Fire & Marine Ins.*, 519 F.3d 1025, 1030 (9th Cir. 2008), and we affirm.[1]

Appellant argues that the district court improperly applied claim preclusion to dismiss his quiet title claim regarding real property located in Woodside, California. Federal law and California state law apply the same three elements to determine whether claim preclusion applies: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe- Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (citation omitted); *see also Boeken v. Philip Morris USA, Inc.*, 230 P.3d 342, 348 (Cal. 2010). Appellant disputes only the second element, the existence of a prior final judgment on the merits.

The extensive record before the court—which includes multiple California state and bankruptcy court proceedings dating back to 2003, including an April 1, 2016 decision by the California Court of Appeal conclusively determining that Appellee U.S. Bank's deed of trust encumbered fifty percent of the real property at issue—demonstrates that claim preclusion bars Appellant's quiet title claim under

---

[1] Appellees' Motion for Judicial Notice (Dkt. 22) is GRANTED.

both federal and California state law.

**AFFIRMED.**